**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **TAURUS MCKINNEY,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Cause No. EP-25-CV-497-KC** |
| | § | |
| **CHARISMA EDGE, *Warden*, *FCI La Tuna*,** | § | |
| **Respondent.** | § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner Taurus McKinney, Federal Prisoner Number 16630-511, challenges the execution of his sentence through a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241. Pet'r's Pet., ECF No. 1. His opposed motion is dismissed.

**BACKGROUND**

McKinney is a 36-year-old prisoner serving a 135-month sentence imposed pursuant to 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(vi) after he pled guilty to possession with intent to distribute more than 40 grams of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide). Pet'r's Pet., ECF No. 1 at 1; *United States v. McKinney*, 5:24-cr-00046-H-9 (N.D. Tex.), J. Crim. Case, ECF No. 365.

McKinney was confined within the jurisdiction of this Court at the La Tuna Federal Correctional Institution in Anthony, Texas, when he filed his petition. Pet'r's Pet., ECF No. 1 at 5. He was subsequently transferred to the Federal Correctional Institution in Oakdale, Louisiana. *See* Federal Bureau of Prisons, Find an Inmate, www.bop.gov/inmateloc (search for Reg. No. 16630-511, last visited Oct. 1, 2026).

McKinney claims that his projected release date of February 1, 2034, "is contrary to the First Step Act (FSA), the Second Chance Act (SCA), and the Bureau of Prisons (BOP) mandate[.]" Pet'r's Pet., ECF No. 1 at 2. He asserts that "[n]o FSA credit is being provided at all." *Id.* He adds

that "[n]o SCA credits [are] being provided." *Id.* at 2. He asks that the Court intervene and order Respondent Warden Charisma Edge to provide him with "all Good Time, First Step Act, and Second Chance Act Credits that [he is] entitled to." *Id.* at 5.

Respondent Warden Edge asserts that the Court should dismiss the petition because McKinney failed to exhaust administrative remedies. Resp't's Resp., ECF No. 5 at 8–11. In the alternative, she claims that McKinney is not entitled to FSA credits because he is serving a sentence for a disqualifying fentanyl offense. *Id*. at 12–14. In addition, she maintains that the BOP is accurately crediting and applying all of McKinney's permissible time credits to his sentence. *Id.* at 14–16. Finally, she argues that McKinney' claims regarding his SCA placement in prerelease custody or home confinement are not cognizable in a habeas petition. *Id*. at 16–19.

**STANDARD OF REVIEW**

A prisoner's "[c]hallenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus." *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)). A prisoner may attack "the manner in which his sentence is carried out or the prison authorities' determination of its duration" through a petition for a writ of habeas corpus under 28 U.S.C. § 2241. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted). To prevail, a prisoner must show that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c).

**ANALYSIS**

McKinney's prison records shows that he has not submitted any administrative remedy requests while in BOP custody. *See* Resp't's Resp., Ex. 1 (Decl. of Johnna Burrows), ECF 5-2 at ¶ 10 and attach 2 (Administrative Remedy Generalized Retrieval), ECF No. 5-4. McKinney argues

"[t]o require the exhaustion of administrative remedies in a habeas corpus claim would be to create a rule that abrogates a Constitutional right which is prohibited." Pet'r's Pet., ECF No. 1 at 5. He is wrong.

The Fifth Circuit has long held that the BOP should be permitted to administratively rectify an error if it fails to properly calculate a sentence. *Smith v. Thompson*, 937 F.2d 217, 219 (5th Cir. 1991). "In the event that a prisoner feels he has been improperly refused credit for time he has served in state custody, the prisoner must first 'seek administrative review of the computations of [his] credit, and, once [he has] exhausted [his] administrative remedies, [the] prisone[r] may only then pursue judicial review of these computations.'" *United States v. Setser*, 607 F.3d 128, 133 (5th Cir. 2010) (quoting *United States v. Dowling*, 962 F.2d 390, 393 (5th Cir.1992) (citing *United States v. Wilson*, 503 U.S. 329, 335 (1992)); *see also Falcetta v. United States*, 734 F. App'x 286, 287 (5th Cir. 2018) (holding that "dismissal for lack of jurisdiction was appropriate because [the petitioner] failed to show that he exhausted his sentencing credit claim fully through the multi-step BOP exhaustion procedure prior to filing his § 2241 petition.").

While there are exceptions to the exhaustion requirement "where the available administrative remedies either are unavailable or wholly inappropriate to the relief a prisoner seeks, or where the attempt to exhaust such remedies would itself be a patently futile course of action," such exceptions apply only in "extraordinary circumstances." *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (citations omitted). And a petitioner bears the burden of demonstrating such circumstances.

Consequently, McKinney "must first pursue all available administrative remedies" before seeking relief under § 2241. *Fillingham v. United States*, 867 F.3d 531, 535 (5th Cir. 2017). And

his exhaustion in this context means "proper exhaustion," including his compliance with all administrative deadlines and procedures established by the BOP. *Cf. Woodford v. Ngo*, 548 U.S 81, 90 (2006) (discussing exhaustion in the context of the Prison Litigation Reform Act).

The Court finds that McKinney has failed to exhaust his administrative remedies or carry his burden of proving the futility of an administrative review. *See Fuller*, 11 F.3d at 62 (explaining federal prisoners must exhaust "administrative remedies before seeking habeas relief in federal court under 28 U.S.C. § 2241."). It notes that dismissal on this basis alone is warranted. *See Rivkin v. Tamez*, 351 F. App'x 876, 877–78 (5th Cir. 2009) (per curiam) (affirming dismissal of prisoner's § 2241 petition for failure to exhaust administrative remedies).

Additionally, the Court observes that McKinney is "projected to benefit from 566 days of GCT because he … has been disallowed 41 days of GCT due to the possession of a cellphone." Resp't's Resp., Ex. 2 (Decl. of Bertha Tovar), ECF No 5-3 at ¶ 6 and Attach 1 (Public Information Data), ECF No 5-3 at 6-8. The Court further observes that McKinney is not accumulating FSA credits because he is disqualified from accruing these credits as he is serving a sentence for a conviction involving 40 grams or more of fentanyl with the punishment established under 21 U.S.C. § 841(b)(1)(B)(vi). 18 U.S.C. § 3632(d)(4)(D)(lxvi). Finally, the Court notes that the SCA authorizes the BOP to *consider* placing inmates in prerelease custody or home confinement who are nearing the end of their imprisonment. 18 U.S.C. § 3624(c) ("The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community."). The SCA does not *require* the BOP to make such a

placement. Consequently, the SCA does not create any additional "credits." Moreover, a prisoner's release from institutional custody to a residential reentry center or home confinement "is a change in conditions of confinement and not cognizable under § 2241." *Maldonado v. Rule*, No. 4:24-cv-0971-P, 2025 WL 476256, at *2 (N.D. Tex. Feb. 11, 2025) (citing *Melot v. Bergami*, 970 F.3d 596, 599 (5th Cir. 2020) (explaining a challenge to exclusion from program allowing home confinement is more properly brough as a *Bivens* action)). As a result, the Court finds that McKinney' claims lack merit.

**CONCLUSIONS AND ORDERS**

The Court concludes that McKinney has failed to exhaust his administrative remedies. The Court accordingly enters the following orders:

**IT IS ORDERED THAT** Petitioner Taurus McKinney's "Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241" (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust his administrative remedies.

**IT IS FURTHER ORDERED THAT** all pending motions are **DENIED**.

**IT IS FINALLY ORDERED THAT** the District Clerk shall **CLOSE** this case.

**SIGNED this 2nd day of October, 2026.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE